# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

              Plaintiff,

    v.

Dante Dejune Brown,

              Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 17-153(6) ADM/DTS
Civil No. 19-1386 ADM

LeeAnn K. Bell, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Dante Dejune Brown, pro se.

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Dante Dejune Brown's ("Brown") pro se Motions Under 28 U.S.C. § 2255 [Docket Nos. 410 (memorandum in support), 413 (form AO 243, refers back to Docket No. 410)][1] ("2255 Motion") and pro se Motion for Appointment of Counsel [Docket No. 414]. For the reasons set forth below, Brown's motions are denied.

## II. BACKGROUND

On November 21, 2017, Brown pled guilty to conspiracy to distribute 280 grams or more of a mixture and substance containing cocaine base. Min. Entry [Docket No. 140]; Plea Agreement [Docket No. 146]. At the plea hearing, the Court and Brown's attorney reviewed with Brown the factual basis for the plea of guilty. "Almost on a daily basis," Brown said, he

---

[1] All docket citations are to the Criminal Docket. And all citations to the 2255 Motion refer to Docket No. 410.

would purchase an "eight ball" of crack cocaine, about 3.5 grams, and would distribute it as part of a conspiracy to sell illegal drugs. Plea Hr'g Tr. [Docket No. 418], at 31. In total, Brown pled guilty to being "responsible for at least 280 grams of crack cocaine." Id. at 33. The Court reviewed each page of the Plea Agreement with Brown. Brown acknowledged his plea carried a mandatory minimum of 10 years imprisonment. Id. at 23. Defense counsel also emphasized the application of the mandatory minimum in Brown's case:

> Q: Mr. Brown, you and I have talked about this mandatory minimum —
> A: Yeah, we did.
> Q: — several times, right?
> A: Yes.
> Q: And I understand you want things to be possible to be lower than that, but I've told you that there's no way to get that as to a 5K and we don't control that; you understand —
> A: Correct.
> Q: — right? And that you should count on a 120-month mandatory minimum, the lowest the judge could go for a sentence in this case, is that right?
> A: Correct.
> Q: All right. Do you have any questions about that at all?
> A: No.
> Q: You understand that by pleading guilty, you're basically locking yourself into at least a 120-month prison sentence, correct?
> A: Yes.

Id. at 28-29. In addition, Brown acknowledged, in the Plea Agreement and again at the hearing, that the "Court will consider the United States Sentencing Guidelines in determining the appropriate sentence" and "under the worst-case scenario, [he would] be looking at a guideline range of 151 to 188 months." Id. at 27. Furthermore, Brown acknowledged the Plea Agreement required he give up his right to appeal the sentence if the Court imposed a sentence below 151 months. Id. at 30. The Court emphasized this point, focusing Brown's attention on the relevant Plea Agreement language with the following colloquy:

> Q: And then in paragraph 9 it talks about giving up your right to appeal, and it says here that if I sentence you to any sentence below 151 months -- that was part of the guidelines -- you're just going to go and do your time and not appeal the sentence. If I were to sentence you to more than 150 months, then you can go to the Eighth Circuit and say, "Judge Montgomery made a mistake and here's what it is," but other than that you would just be doing your time and giving up your right to appeal. Are you aware of that?
> A: Yeah, I'm aware.
> Q: And are you okay with that under the circumstances?
> A: Yeah, I'm okay with it.
> Q. It isn't in every plea agreement, but sometimes the Government puts it in there because they want to prosecute other people....

Id. Thus, Brown affirmed his guilt, of participation in a drug selling conspiracy where he was responsible for the sale of at least 280 grams of cocaine base.

On May 23, 2018, after consideration of the parties' written presentence memoranda [Docket Nos. 229, 230], and after a sentencing hearing, the Court "made a decision that a total sentence of 132 months, which is a downward variance from the 151 low end of [the sentencing guidelines], is sufficient to comply with objectives for sentencing." Sentencing Tr. [Docket No. 327] at 21. Both in Brown's sentencing memorandum and at the Sentencing Hearing, Brown's counsel argued that the Court consider Brown's learning disability and the Social Security Disability compensation that Brown received as a result. Id. at 6-7. Brown's counsel argued the mandatory minimum sentence coupled with treatment and training would serve as a proper punishment while affording Brown the opportunity to rehabilitate himself. Id. The Court then reminded Brown that, although he had waived his right to appeal in his plea agreement, if he thought he "had a surviving right to appeal," he had 14 days in which to file it. Id. at 20.

### III. DISCUSSION

**A. Section 2255**

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. See

United States v. Addonizio, 442 U.S. 178, 185 (1979).  Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice.  See United States v. Timmreck, 441 U.S. 780, 783 (1979).  "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'"  Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

**B.  Ineffective Assistance of Counsel**

Establishing a § 2255 claim of ineffective assistance of counsel requires a movant show (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  When a defendant contemporaneously makes statements at his plea hearing asserting his counsel was effective, those statements are strongly presumed to be true, and a later claim of ineffective assistance of counsel "is flatly contradicted" and belied by those prior in-court statements.  Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997).

First, Brown asserts a claim for ineffective assistance of counsel, arguing that his attorney failed to move for a downward departure pursuant to United States Sentencing Guidelines, Policy Statement §5K2.13 based on Brown's diminished capacity.  Second, Brown asserts a claim for ineffective assistance of counsel, arguing that his attorney failed to consult with him about the advantages and disadvantages of an appeal.  Third, Brown submits an affidavit [Docket No. 411] with an additional claim, that is, his counsel forced him to sign his

4

Plea Agreement without explaining the contents and with assurances that Brown would face no more than a four year sentence.

First, Brown's ineffective assistance of counsel claim for failure to move for a downward departure is without merit. Brown's defense attorney, in both his sentencing memorandum and at the Sentencing Hearing, did argue for a below guideline sentence, and included as part of his reasoning, evidence of Brown's diminished capacity.

Second, Brown's ineffective assistance of counsel claim for failure to consult about the advantages and disadvantages of appeal is also without merit. Brown had agreed in his Plea Agreement that if his sentence was below 151 months, he would not appeal. Brown was sentenced to a below guideline sentence of 132 months which triggered the waiver of his right to a direct appeal. Brown and his defense attorney had no need to appeal after the plea hearing as his right had been waived. In addition, the Court carefully reviewed the appeal issue with Brown at the Plea Hearing. Brown did not express any confusion or hesitation about the Plea Agreement and the inclusion of an appeal waiver. The claim in the affidavit that counsel "NEVER consulted" with him about what an appeal was is belied by the record.

Third, Brown's affidavit includes what is essentially an attack on the integrity of the Plea Agreement, rather than an ineffective assistance of counsel claim. Brown's allegation is flatly contradicted by the plea hearing transcript. Brown was not forced to sign his Plea Agreement at his home. He did not sign the Plea Agreement until after the Court conducted the Change of Plea Hearing. The Court first told Brown, "it's really important that you and I have a meeting of the minds and you understand everything. So even though this is a formal proceeding, if I'm talking too fast or I confuse you or you need to take a timeout, will you let me know?" Plea Hr'g

Tr., 5-6. Brown responded, "Yeah, I will." Id. at 6. The colloquy continued, and a couple questions later the court asked about Brown's representation.

> Q: "Have you had enough time to talk to your lawyer about the case?"
> A: "Yes."
> Q: "And are you satisfied with his services as your counsel?"
> A: "Yes, I am."

Id. at 6. The Court discussed all of the terms of the Plea Agreement and asked repeatedly if Brown understood. Brown stated that he did understand. Brown was confronted with the quantity of drugs for which he was admitting responsibility and the corresponding minimum sentence of 10 years imprisonment. Furthermore, Brown was warned that he could have a sentence as high as 188 months (over 15 years), but that if the Court sentenced him to less than 151 months he was waiving his right to a direct appeal. Thus, Brown knew the applicable guideline range in the Plea Agreement, and did not make any representations that his counsel had misinformed him on this point. There is no evidence to suggest that the attorney miscalculated the guideline range, much less forced Brown to accept the Plea Agreement with a promise of a four year sentence.

Brown was properly advised by counsel and by the Court of his rights during his guilty plea. Therefore, the Court does not find ineffective assistance of counsel with regards to the plea agreement. Because his counsel properly argued and the Court properly considered Brown's mental capacity, he has not established that his counsel's performance prejudiced his outcome.

**C. Evidentiary Hearing**

"An evidentiary hearing on a § 2255 petition may be denied if 'the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief.'" Noe v. United States, 601 F.3d 784, 792 (8th Cir. 2010) (quoting 28 U.S.C. § 2255(b)). Because the

Motions, files and record of this case conclusively show that Brown is not entitled to § 2255 relief, the request for an evidentiary hearing is denied.

**D. Motion to Appoint Counsel**

The court may appoint counsel to represent a financially eligible person seeking relief under § 2255 if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Where an evidentiary hearing is not necessary, appointment of counsel is discretionary. Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994). Here, the interests of justice do not require appointment of counsel because Brown's claims lack merit for the reasons described above.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in the Initial 2255 Motion and Amended 2255 Motion differently, or that any of the issues raised in Ellis' petitions would be debatable among reasonable jurists. Thus, the Court declines to grant a certificate of appealability.

## V. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Dante Dejune Brown's Motions Under 28 U.S.C. § 2255 [Docket Nos. 410, 413] are **DENIED**;

2. Brown's Motion for the Appointment of Counsel [Docket No. 414] is **DENIED**;

3. A certificate of appealability shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


　　　s/Ann D. Montgomery　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 18, 2019.