**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

United States of America,

        Plaintiff,

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 17-153(6) ADM/DTS
Civil No. 19-1386 ADM

v.

Dante Dejune Brown,

        Defendant.

___

LeeAnn K. Bell, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Dante Dejune Brown, pro se.

___

## I. INTRODUCTION

By Order ("Order") dated July 18, 2019 [Docket No. 426] the undersigned United States District Judge denied Defendant Dante Dejune Brown's ("Brown") Motions Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 410, 413] (the "2255 Motions"). On August 19, 2019, Brown filed a Motion for Reconsideration [Docket No. 435] pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e) Motion"). The factual and procedural background of this matter is set forth in the Court's previous Order and will not be repeated here. See Order at 1-3. For the reasons set forth below, Brown's Rule 59 (e) Motion is denied.

## II. DISCUSSION

### A. Rule 59(e)

"Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." United States v. Metro St. Louis Sewer Dist., 440

F.3d 930, 933 (8th Cir. 2006) (quotation marks omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Id. (quoting Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998)). Courts have "broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." Id. Parties are granted relief under Rule 59(e) only in "extraordinary" circumstances. United States v. Young, 806 F.2d 805, 806 (8th Cir. 1987). It is also "well-established that inmates may not bypass the authorization requirement of . . . § 2255 action by purporting to invoke some other procedure." United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).

**B. Brown's Arguments**

Brown's primary complaint is that his attorney forced him to sign his plea agreement and falsely promised him a lesser sentence than what he ultimately received. Brown raised this issue in his original 2255 Motions, again in a letter [Docket No. 428] requesting an extension of time to respond to the government's opposition to his 2255 Motions, and now in this Rule 59(e) Motion. The Court already addressed Brown's complaint in its July 18 Order. But, after again reviewing Brown's briefs and considering Brown's allegations, the Court concludes that no manifest errors of fact or law appeared in its Order. The allegations and accusations raised in Brown's Rule 59(e) Motion do not add to the record in any significant way and do not overcome the undisputed facts showing the Court's clear, line-by-line review of Brown's Plea Agreement with Brown himself. Brown seeks to merely revisit the Court's previous Order and his arguments have already been considered and rejected. In addition, since Brown has not received

2

permission from the Eighth Circuit Court of Appeals to file a successive § 2255 petition, the Motion is procedurally barred.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Dante Dejune Brown's Motion for Reconsideration [Docket No. 435] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


   s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 5, 2019.