UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

                                   **MEMORANDUM OPINION AND ORDER**
                                   Criminal No. 17-153(6) ADM/DTS

Dante Dejune Brown,

       Defendant.

_____

Dante Dejune Brown, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Dante Dejune Brown's ("Brown") Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1) [Docket No. 478] ("Motion"). For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

On November 21, 2017, Brown pled guilty to conspiracy to distribute 280 grams or more of a mixture and substance containing cocaine base. Min. Entry [Docket No. 140]; Plea Agreement [Docket No. 146]. On May 23, 2018, Brown was sentenced to a prison term of 132 months. Min. Entry [Docket No. 235]; Sentencing J. [Docket No. 238] at 2. The sentence was a downward variance from the applicable sentencing guideline range of 151 to 188 months. Sentencing Tr. [Docket No. 327] at 21; Presentence Investigation Report ("PSR") [Docket No. 218] ¶ 123; Statement Reasons [Docket No. 239].

Brown is currently incarcerated at the federal correctional institution in Pekin, Illinois ("FCI–Pekin"). His projected release date is November 1, 2027. See Federal Bureau of Prisons

Inmate Locator, https://www.bop.gov/ (last visited Oct. 19, 2020).

Brown now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Brown, age 30, argues that his medical conditions of attention deficit hyperactivity disorder ("ADHD"), anxiety, and high blood pressure increase his risk of severe illness from COVID-19. He also argues that his race and gender place him at greater risk of illness and death from the disease. Brown further states that his sister and a cousin died from heart conditions within the past 7 years. Brown also argues that his fiancee needs him to help raise their three young children.

While in prison, Brown has taken courses in math, social studies, and science, and has completed a parenting class and drug education class.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G.

§ 1B1.13 comment n.1(A)(ii). "Extraordinary and compelling" reasons also include family circumstances in which the caregiver of the defendant's minor children has died or become incapacitated, or where the defendant's spouse or registered partner is incapacitated and the defendant is the only available caregiver. U.S.S.G. § 1B1.13 comment n.1(C). The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A). U.S.S.G. § 1B1.13(2).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Brown does not state that he submitted a compassionate release request to the warden of his facility. Thus, he has not satisfied the exhaustion requirement.

Even if the exhaustion requirement had been met, Brown has not shown extraordinary and compelling reasons warranting a sentence reduction. When considering compassionate release motions in the context of the COVID-19 pandemic, courts have required an inmate to show both a "particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility." United States v. Miland, No. 16–0159 (WMW), 2020 WL 3249259, at *3 (D. Minn. June 16, 2020) (quoting United States v. Feiling, No. 3:19–112 (DJN), 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020)); accord United States v. Ramirez, No. 17-10328-WGY, 2020 WL 2404858, at *3 (D. Mass. May 12, 2020); United States v. Shamilov, No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020). Brown's ADHD,

3

anxiety, and high blood pressure are not among the conditions identified by the Centers for Disease Control and Prevention ("CDC") as increasing the risk of severe illness from COVID-19.  See CDC, Coronavirus Disease 2019:  People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Oct. 19, 2020).  Recent guidance from the CDC states that adults with high blood pressure "might" be at an increased risk of severe complications from COVID-19.  Id.  The CDC does not identify ADHD or anxiety as conditions that impact the severity of illness from COVID-19.  Although Brown asserts that two of his relatives have died from heart conditions, he does not state that he has been diagnosed with heart disease.  Additionally, at 30 years old, Brown's risk for severe illness from COVID-19 is substantially lower than the risk to older adults.  See CDC, Coronavirus Disease 2019: Older Adults, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Oct. 19, 2020).  Thus, Brown has not shown a particularized susceptibility to the COVID-19 virus.

Brown's family circumstances also do not warrant a sentence reduction.  Brown has not shown that "the caregiver of [his] minor children has died or become incapacitated." U.S.S.G. § 1B1.13 comment n.1(C).  Even if he had, Brown has not shown that he is "the only available caregiver" of his minor children.  U.S.S.G. § 1B1.13 comment n.1(C).

The sentencing factors in § 3553(a) also weigh against reducing Brown's sentence. These factors include "the nature and circumstances of the offense" and "the need for the

sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a).  When sentencing Brown, the Court determined that a downward variance of 19 months to a term of 132 months imprisonment was necessary to carry out these sentencing goals.  Releasing Brown after he has served less than one quarter of his sentence would undermine these sentencing considerations.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Dante Dejune Brown's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1) [Docket No. 478] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  October 19, 2020