UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

    v.                                        MEMORANDUM OPINION
                                                AND ORDER
                                                Criminal No. 17-153(6) ADM/DTS

Dante Dejune Brown,

        Defendant.

_____

Dante Dejune Brown, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Dante Dejune Brown's ("Brown") pro se Motion for Resentencing Under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 554]. For the reasons stated below, the Motion is denied.

## II. BACKGROUND

Brown was sentenced in May 2018 to a term of 132 months after pleading guilty to conspiracy to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. See Plea Agreement [Docket No. 146] at 1; Sentencing J. [Docket No. 238] at 2. The sentence represented a downward variance from the sentencing guideline range of 151 to 181 months. Statement Reasons [Docket No. 239] at 1, 3-4.

In September 2020, Brown filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 478]. He argued that his medical conditions placed him at risk for severe illness or death from COVID-19, and also that he was needed at home to help his fiancé raise their three young children. The Court denied the motion after concluding that Brown's

circumstances did not constitute extraordinary and compelling reasons for a sentence reduction under § 3582(c)(1)(A).  See Mem. Op. Order [Docket No. 480].

In May 2023, Brown filed this second motion to reduce his sentence under § 3582(c)(1)(A).  He argues that on December 16, 2022, United States Attorney General Merrick Garland issued a directive to all U.S. Attorney Offices to charge crack offenses as if they were cocaine offenses.  Brown contends that if the directive had been in effect at the time he was prosecuted, he would have received a substantially lower sentence.  He further argues that he is the father of young children, and that "any similarly situated defendant today will be back with his children far sooner than I will be under my current sentence."  Mot. at 3.  Brown contends that these circumstances present extraordinary and compelling reasons to resentence him to time served.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The Eighth Circuit has repeatedly held that nonretroactive changes in sentencing law or policy are not "extraordinary and compelling reasons" warranting a sentence reduction under § 3582(c)(1)(A).  See United States v. Crandall, 25 F.4th 582, 586 (8th Cir.), cert. denied, 142 S. Ct. 2781 (2022) ("The compassionate release statute is not a freewheeling opportunity for

resentencing based on prospective changes in sentencing policy or philosophy."); <u>United States v. Rodriguez-Mendez</u>, 65 F.4th 1000, 1004 (8th Cir. 2023) ("[N]onretroactive changes in sentencing law may <u>not</u> establish eligibility for a § 3582(c)(1)(A) sentence reduction . . . .") (emphasis in original). Consistent with this precedent, the Court concludes that any policy changes in the U.S. Attorney General's Office that might have impacted Brown's sentence had he been prosecuted today do not constitute an extraordinary and compelling reason to reduce the sentence imposed in 2017.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Dante Dejune Brown's pro se Motion for Resentencing Under 18 U.S.C. § 3582(c)(1)(A) [Docket No. 554] is **DENIED**.

BY THE COURT:

Dated: June 14, 2023

 s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT